United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Inez E Norris  
    Debtor

Case No. 18-11719-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Stacey     Page 1 of 1     Date Rcvd: Oct 25, 2018  
                Form ID: pdf900     Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 27, 2018.  
db         +Inez E Norris,   5940 W Jefferson Street,   Philadelphia, PA 19151-3916

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
smg        E-mail/Text: megan.harper@phila.gov Oct 26 2018 02:37:45   City of Philadelphia,  
               City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,  
               Philadelphia, PA  19102-1595  
smg        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 26 2018 02:37:19  
               Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,  
               Harrisburg, PA  17128-0946  
smg        +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 26 2018 02:37:44   U.S. Attorney Office,  
               c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404  
                                                                                              TOTAL: 3

          ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2018                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 25, 2018 at the address(es) listed below:  
          DAVID M. OFFEN    on behalf of Debtor Inez E Norris dmo160west@gmail.com,  
          davidoffenecf@gmail.com;offendr83598@notify.bestcase.com  
          FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,  
          ecf_frpa@trustee13.com  
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,  
          ecf_frpa@trustee13.com  
          REBECCA ANN SOLARZ    on behalf of Creditor   MIDFIRST BANK bkgroup@kmllawgroup.com  
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
          WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,  
          ECF_FRPA@Trustee13.com  
          WILLIAM  MILLER*R    ecfemail@FredReigleCh13.com, ECF_FRPA@Trustee13.com  
                                                                                                         TOTAL: 7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Inez E. Norris | Debtor | CHAPTER 13 |
| MIDFIRST BANK vs. | Movant | NO. 18-11719 JKF |
| Inez E. Norris | Debtor | |
| Debra Norris | Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| William Miller | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$1,985.25,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2018 to October 2018 at $645.26/month |
| Suspense Balance: | $27.96 |
| Late Charges: | August 2018 to October 2018 at $25.81/month |
| **Total Post-Petition Arrears** | **$1,985.25** |

2. The Debtors shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$1,985.25.**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$1,985.25** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $645.26 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 15, 2018

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: _Oct 17 2018_

_____
David M. Offen, Esquire
Attorney for Debtors

Date: 10/23/2018

/s/ Polly A. Langdon, Esquire for
William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this __24th__ day of __October__, 2018. However, the court retains discretion regarding entry of any further order.

_____
Jean K. FitzSimon
Bankruptcy Judge